IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| INSITE PLATFORM PARTNERS, INC., )<br>d/b/a NORTH AMERICAN SATELLITE CORP., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PACIFIC LPG CORPORATION, )<br>d/b/a PACIFIC PROPANE, )<br>)<br>Defendant. ) | Case No.: 4:16-CV-00586<br><br><br><br><br>**JURY TRIAL DEMANDED** |

### NOTICE OF REMOVAL

In accordance with the provisions of 28 U.S.C. § 1441, *et seq*., notice is given as follows:

1. Defendant Pacific LPG Corporation d/b/a Pacific Propane removes this action from the Circuit Court of St. Charles County, Missouri pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Removal is warranted under 28 U.S.C. § 1441 because this Court has original jurisdiction under 28 U.S.C. § 1332 as there is complete diversity between the parties and the amount in controversy exceeds $75,000.00.[1] In support of this Notice, Pacific Propane states as follows:

### BACKGROUND

2. On March 15, 2016, Plaintiff Insite Platform Partners, Inc. d/b/a North American Satellite Corp. (hereinafter Insite Platform) filed its Petition for Damages against Defendant Pacific LPG Corporation, d/b/a Pacific Propane in the Missouri Circuit Court for the Eleventh

---

[1] Defendant expressly reserves its right to timely assert any defense, specifically including a lack of personal jurisdiction, in accordance with Rule 12 of the Federal Rules of Civil Procedure. *See Nationwide Eng'g & Control Sys., Inc. v. Thomas*, 837 F.2d 345, 347-48 (8th Cir. 1988) (holding that "[r]emoval, in itself, does not constitute a waiver of any right to object to lack of personal jurisdiction").

Judicial Circuit, St. Charles County, in the civil action styled *Insite Platform Partners v. Pacific LPG Corporation*, Case No. 1611-CC00246.

3.  Insite Platform is seeking damages for asserted causes of action for: Breach of Contract (Count I); Fraud (Count II); Unjust Enrichment (Count III); Quantum Meruit (Count IV); and Conversion (Count V). (A copy of all pleadings, orders, and other documents on file in the state court is attached hereto as "Exhibit A.").

4.  Insite Platform alleges that Pacific Propane "executed a Merchandise/Service Work Order and its attendant Business Rules" on April 24, 2007, which it refers to as the "Subscription Agreement."[2] *See* Petition, at ¶ 9. Under this Subscription Agreement, and subsequent agreements Insite Platform alleges that the "parties" intermittently entered into between 2007 and 2012, "NASCorp agreed to provide Pacific Propane with the hardware, software, and monitoring services necessary for [a number of] SkyTracker™ systems." *See* Petition, at ¶¶ 9-13. The various claims asserted by Insite Platform purportedly arise out of these subscription agreements and Pacific Propane's alleged use of the SkyTracker™ systems and equipment. Under the "SkyTracker™ system," Insite Platform alleged that it, or NASCorp, also contracts with third parties to provide "LEO satellite services" as part of its propane-monitoring system. *See* Petition, at ¶ 7.

5.  Relevant to this Notice of Removal, and as one part of its purported claims against Pacific Propane, Insite Platform claims that Pacific Propane continued to use its "SkyTracker™ system" after Pacific Propane had "cancelled all monthly monitoring services" on or around August 1, 2013. *See* Petition, at ¶¶ 14, 17-20. Insite Platform also alleges that "a group of 2,185 SkyTracker™ systems previously installed on Pacific Propane's gas storage tanks were still in

---

[2] Pacific Propane does not accept, as true, the factual allegations of the Petition. The allegations of the Petition are cited only for reference and only for purposes of this Notice of Removal.

operation," and "NASC has been charged for the monthly base fees and transmission fees on these units for a total direct loss of $229,425.00 as of March 31, 2015." *See* Petition, at ¶ 4.

6. Pacific Propane was served with a copy of the summons and a copy of the petition on March 30, 2016.

7. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Pacific Propane has satisfied the procedural requirements for removal and this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 as there is complete diversity between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## PROCEDURAL REQUIREMENTS FOR REMOVAL

8. The Missouri Circuit Court for the Eleventh Judicial Circuit, St. Charles County—the court in which this action is pending—is located within the jurisdiction of the United States District Court for the Eastern District of Missouri, Eastern Division. *See* 28 U.S.C. § 105(a)(1); Local Rule 2.07. Venue is therefore proper in this Court, pursuant to 28 U.S.C. § 1441(a).

9. Pursuant to the provisions of 28 U.S.C. § 1446(d), Pacific Propane will promptly file a copy of this Notice of Removal with the clerk of the Missouri Circuit Court for the Eleventh Judicial Circuit, St. Charles County, and will serve a copy of the same upon plaintiff's counsel.

10. Because Pacific Propane was served with a copy of the summons and a copy of the petition on March 30, 2016, Pacific Propane has filed this Notice of Removal in compliance with the requirements set forth in 28 U.S.C. § 1446(b).

11. Neither this same cause, nor a substantially equivalent complaint, has been previously filed in this Court, and therefore this cause may be opened as an original proceeding. The Original Filing Form is attached hereto as "Exhibit B."

12. The Civil Cover Sheet is attached hereto as "Exhibit C."

## DIVERSITY OF CITIZENSHIP EXISTS

13. The Court has jurisdiction over this action, pursuant to 28 U.S.C. § 1332(a) because it is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

### *The Parties Are Citizens of Different States*

14. According to its Petition, Plaintiff InSite Platform Partners, Inc. is, and was at the time this action was filed, a Missouri corporation with its principal place of business in St. Charles County, Missouri. Therefore, InSite Platform Partners, Inc. is a citizen of Missouri for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c).

15. Based upon information and belief, North American Satellite Corporation ("NASCorp") is not a Missouri corporation, a foreign corporation authorized to do business in Missouri, or a doing-business-as affiliation that is properly registered in Missouri.

16. Based upon information and belief, North American Satellite Corporation ("NASCorp") is, however, an active, for-profit corporation with its principal place of business in Davidson County, Tennessee. Therefore, North American Satellite Corporation ("NASCorp") is a citizen of Tennessee for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c).

17. Defendant Pacific LPG Corporation, d/b/a Pacific Propane is, and was at the time this action was filed, a California corporation with its principal place of business in Monterey County, California. Therefore, Pacific LPG Corporation, d/b/a Pacific Propane is a citizen of California for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c).

18. Thus, based on the information available, diversity is complete as Plaintiff— whether InSite Platform Partners, Inc. or North American Satellite Corporation ("NASCorp")—

and Defendant are citizens of different states, and this Court has subject matter jurisdiction over this matter.

### *The Amount in Controversy Exceeds $75,000*

19. From the face of the Petition, it is apparent that Plaintiff Insite Platform seeks recovery of an amount in excess of $75,000.00, exclusive of costs and interests. *See Ken Behlmann Auto. Servs., Inc. v. Reynolds & Reynolds Co.*, No. 4:12CV317 CDP, 2012 WL 2565027, at *1 (E.D. Mo. July 2, 2012) (holding that a removal was proper "[b]ecause the face of the petition shows that the amount in controversy is more than $75,000….").

20. In the Petition for Damages, Insite Platform has brought five separate claims against Pacific Propane, praying for the following damages:

- **Breach of Contract**: "plaintiff North American Satellite Corporation prays for judgment in its favor in an amount in excess of $25,000 for its past economic damages, pre and post judgment interest, for its costs incurred herein, and for such other and further relief as the Court deems just and proper." *See* Petition at p. 6.

- **Fraud**: "plaintiff North American Satellite Corporation prays for judgment in its favor in an amount in excess of $25,000 for its past economic damages, pre and post judgment interest, for its costs incurred herein, and for such other and further relief as the Court deems just and proper." *See* Petition at p. 7.

- **Unjust Enrichment**: "plaintiff North American Satellite Corporation prays for judgment in its favor in an amount in excess of $25,000 for its past economic damages, pre and post judgment interest, for its costs incurred herein, and for such other and further relief as the Court deems just and proper." *See* Petition at p. 8.

- **Quantum Meruit**: "plaintiff North American Satellite Corporation prays for judgment in its favor in an amount in excess of $25,000 for its past economic damages, pre and post judgment interest, for its costs incurred herein, and for such other and further relief as the Court deems just and proper." *See* Petition at p. 9.

- **Conversion**: "plaintiff North American Satellite Corporation prays for judgment in its favor in an amount in excess of $25,000 for its past economic damages, pre and post judgment interest, for its costs incurred herein, and for such other and further relief as the Court deems just and proper." *See* Petition at p. 10.

21. Accordingly, from the face of the Petition, Insite Platform has requested, *at a minimum*, $125,000.00 in compensatory damages based upon the recitals in its prayers for relief.

22. Moreover, when the substance of Insite Platform's allegations is considered, it is clear that Insite Platform is seeking much more than the jurisdictional minimum of $75,000.00. In its claim for unjust enrichment, for example, Insite Platform alleges that it conferred a benefit on Pacific Propane "by continuing to provide and pay the cost of satellite monitoring services to defendant during the time period where defendant had already cancelled its SkyTracker™ subscription." *See* Petition, at ¶ 41. From the face of Insite Platform's Petition, it appears that these purported benefits total $229,425.00, as Insite Platform has alleged that "NASC has been charged for the monthly base fees and transmission fees on these units for a total direct loss of $229,425.00 as of March 31, 2015." *See* Petition, at ¶ 20. Thus, it is irrefutable that Insite Platform is asserting damages of, at least, $229,425.00 as some form of "past economic damages."

23. Additionally, prior to suit being filed, representatives of NASCorp made various demands for full payment of alleged unpaid invoices, which are in excess of $75,000.00. In a letter from Ezra A. Harris, CPA, Director of Accounting, which was sent to counsel for Pacific Propane on NASCorp letterhead and dated June 25, 2015, NASCorp provided various invoices that it claimed were due and owing. *See* 6/25/15 Correspondence, attached hereto as Exhibit D. In that letter, NASCorp included the following invoices that it asserted remained unpaid:

- Invoice #11451, dated 6/25/15: $14,572.96
- Invoice #11327, dated 5/25/15: $14,572.96
- Invoice #11221, dated 4/25/15: $14,410.44
- Invoice #11094, dated 3/25/15: $266,311.04

*See* Exhibit D. In that letter, NASCorp "demand[ed] payment in full." *See* Exhibit D.

24. Therefore, in addition to the $229,425.00 seemingly being sought in Insite Platform's unjust-enrichment claim, it appears that Insite Platform is seeking, at least, an additional

$309,867.40 as alleged unpaid invoices. The amount-in-controversy threshold is undoubtedly met in the present circumstances. *See Ken Behlmann Auto. Servs., Inc. v. Reynolds & Reynolds Co.*, No. 4:12CV317 CDP, 2012 WL 2565027, at *2 (E.D. Mo. July 2, 2012) (denying a motion to remand when "[t]he object of this litigation is the unpaid invoice," which was represented to be "anywhere from $89,000 to $102,000").

25. Therefore, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interests and costs, exceeds the sum or value of $75,000.00.

## **CONCLUSION**

26. For these reasons, this Court has jurisdiction over this matter based on diversity of citizenship pursuant to 28 U.S.C. § 1332 and this action may be removed from the Missouri Circuit Court for the Eleventh Judicial Circuit, St. Louis County and brought before the United States District Court for the Eastern District of Missouri, Eastern Division, pursuant to 28 U.S.C. § 1441.

WHEREFORE, Pacific LPG Corporation d/b/a Pacific Propane gives notice that the action styled *Insite Platform Partners v. Pacific LPG Corporation* in the Missouri Circuit Court for the Eleventh Judicial Circuit, St. Charles County, Case No. 1611-CC00246, is removed to the United States District Court for the Eastern District of Missouri.

Dated: April 26, 2016                    Respectfully submitted,

                                          HEPLERBROOM LLC

                                        By:   */s/Thomas J. Magee*
                                                Thomas J. Magee No. 32871MO
                                                Michael E. Harriss No. 67200MO
                                                211 N Broadway, Suite 2700
                                                St. Louis, MO 63102
                                                314-241-6160
                                                314-241-6116 Fax
                                                tm1@heplerbroom.com
                                                meh@heplerbroom.com
                                                *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

      I hereby certify that on April 26, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing(s) to the following:  **Andrew B. Protzman** and **Christopher M. Sorenson**, Protzman Law Firm, LLC, *Attorneys for Plaintiff.*

      A courtesy copy was also emailed to the following:  andy@protzmanlaw.com; chris@protzmanlaw.com

                                                                */s/Thomas J. Magee*