# EXHIBIT A

IN THE ELEVENTH JUDICIAL CIRCUIT COURT OF ST. CHARLES COUNTY

| | |
|---|---|
| INSITE PLATFORM PARTNERS, INC. )<br>d/b/a NORTH AMERICAN SATELLITE )<br>CORP. )<br> )<br> Plaintiff, )<br> )<br>v. )<br> )<br>PACIFIC LPG CORPORATION, d/b/a )<br>PACIFIC PROPANE )<br>*Serve*: Paula A. Heath )<br>    11520 Commercial Pkwy. )<br>    Castroville, CA 95012 )<br> )<br> Defendant. ) | Case No. _____ |

## PETITON FOR DAMAGES

COMES NOW InSite Platform Partners, Inc. d/b/a North American Satellite Corp., by and through counsel, and for its claims against Pacific LPG Corporation d/b/a Pacific Propane, states as follows:

### PARTIES, JURISDICITON, AND VENUE

1. InSite Platform Partners, Inc. d/b/a North American Satellite Corporation ("NASCorp") is a Missouri corporation with its principal place of business at 2095 Exchange Dr., Saint Charles, MO 63303. Plaintiff NASCorp holds a number of patents, including those on its SkyTracker™ direct-to-satellite liquid level tank and home monitoring hardware, firmware, and software management system that allows gas, utility, and petroleum distributors to efficiently monitor propane and other gas storage tank levels in real-time via satellite (the "SkyTracker™ system").

2. Pacific LPG Corporation d/b/a Pacific Propane ("Pacific Propane") is a California Corporation with its principal place of business at 11520 Commercial Pkwy., Castroville, CA 95012. Defendant Pacific Propane provides propane delivery, tank rental, and installation services to commercial and individual consumers. At all pertinent times, defendant was acting by and through

its employees and/or agents, who were acting within the scope of their employment and/or agency with Pacific Propane.

3. This Court is a court of general jurisdiction and has subject matter jurisdiction over this action.

4. Because defendant transacted business within the state of Missouri, made and entered into contracts within the state of Missouri, and entered into contracts wherein a substantial portion would be performed in the state of Missouri, defendant is subject to this court's personal jurisdiction.

5. Venue is proper in this Court because plaintiff was first injured in the state of Missouri.

**BACKGROUND FACTS**

6. Plaintiff NASCorp provides real-time monitoring of propane and other gas tank storage levels via satellite through its patented SkyTracker™ system.

7. The SkyTracker™ system consists of two versions, the SkyTracker™ II and a SkyTracker™ III models (collectively "ST"). Both use proprietary hardware; namely, the "STx2" satellite modem, that enables the SkyTracker™ system to send transmissions to and from low-Earth orbit (LEO) satellites. The SkyTracker™ II and SkyTracker™ III systems, along with their STx2 satellite modems, are identifiable by unique ESN's (electronic serial numbers) assigned to each individual SkyTracker™ system and STx2 modem. LEO satellite services are provided by third parties contracted for by NASCorp.

8. NASCorp is the only entity that can sell, distribute, or manufacture the SkyTracker™ system. No third party vendors, suppliers, financiers, or otherwise have any right or authority to sell, distribute, or manufacture the SkyTracker™ system.

9. On April 24, 2007, Pacific Propane executed a Merchandise/Service Work Order and its attendant Business Rules (collectively the "Subscription Agreement") under which NASCorp

2

agreed to provide Pacific Propane with the hardware, software, and monitoring services necessary for fifty (50) SkyTracker™ systems.

10. On May 31, 2007, the parties entered into another Subscription Agreement pursuant to which 2000 SkyTracker™ systems were ordered by Pacific Propane; and on December 7, 2007 the parties entered into a third Subscription Agreement providing for an additional 200 SkyTracker™ units to Pacific Propane.

11. On May 7, 2012, Pacific Propane requested that NASCorp decommission two of the SkyTracker™ units NASCorp provided pursuant to the parties' Subscription Agreement.  NASCorp complied with its client's request and decommissioned two units, one of which was a SkyTracker™ II and one of which was a SkyTracker™ III system.

12. On May 31, 2012, NASCorp discovered that, while these two SkyTracker™ units were decommissioned, their respective modems and on-board firmware had been reverse engineered to function without NASCorp knowledge or permission.  NASCorp immediately served Pacific Propane with a notice of breach.

13. On or about July 3, 2012, Pacific Propane entered into an agreement with NASCorp under which NASCorp agreed to restore monitoring services with Pacific Propane, despite the previous breach by Pacific Propane.

14. On or around August 1, 2013, Pacific Propane cancelled all monthly monitoring services.  NASCorp immediately acknowledged the cancellation and requested Pacific Propane to return all SkyTracker™ equipment.

15. Pacific Propane never returned any of the SkyTracker™ equipment.

16. Because Pacific Propane had failed to return the SkyTracker™ equipment, in or around September 2014, NASCorp decommissioned and completely turned off all SkyTrackers™ systems that were installed on Pacific Propane's tanks.  Based on the SkyTracker™ system's proprietary

3

hardware, software, and monitoring abilities, this should have prevented their reactivation under any competing systems.

17.     Over the next 15 months, 2,185 SkyTracker™ systems originally provided to Pacific Propane under the Subscription Agreement began logging battery transmission counts.  Because the battery life of the SkyTracker™ system is only 250 to 280 transmissions, or about 18 months on average, this meant that someone was replacing the batteries as they depleted.  Furthermore, because the system's STx2 modems were logging *any* transmissions, they were no longer decommissioned, and therefore were infringing on NASCorp's proprietary SkyTracker™ system.

18.     It was not until July 2014 that NASCorp discovered that a competitor had reactivated and been providing satellite monitoring services to Pacific Propane through the SkyTracker™ units previously delivered to defendant Pacific Propane under the Subscription Agreement.

19.     To investigate the reactivation of these 2,185 SkyTracker™ units, on February 12, 2015, the CEO and COO of NASCorp visited a number of the Pacific Propane end-user locations where SkyTracker™ II and SkyTracker™ III systems were found to be impermissibly transmitting from.  The two attempted to re-activate those units through NASCorp's system, to no avail.  The NASCorp system identified that the units had been reactivated on a competing system.

20.     As of March 31, 2015, a group of 2,185 SkyTracker™ systems previously installed on Pacific Propane's gas storage tanks were still in operation.  NASC has been charged for the monthly base fees and transmission fees on these units for a total direct loss of $229,425.00 as of March 31, 2015.

21.     NASCorp has demanded Pacific Propane to cease using the proprietary SkyTracker™ system, and further demanded payment for services impermissibly obtained by Pacific Propane through the reactivated SkyTracker™ equipment.  Pacific Propane, however, has refused to remit the same.

4

## COUNT I
### Breach of Contract

22. Plaintiff incorporates herein by reference all preceding paragraphs and allegations.

23. Plaintiff and defendant had a valid and binding Subscription Agreement, bargained for and supported by adequate consideration, under which plaintiff would provide defendant with the hardware, software, and monitoring services necessary to allow defendant to use plaintiff's patented SkyTracker™ system to monitor its propane and other gas tanks in real-time via satellite.

24. Plaintiff fulfilled all of its obligations and conditions precedent and subsequent under the Subscription Agreement.

25. Under the Subscription Agreement, plaintiff owned all of the airways used and transmitted off of its SkyTracker™ system. Furthermore, all SkyTracker™ systems are marked with ETL approved and certified casing that includes the language: "Property of North American Satellite Corporation."

26. Defendant, in reverse engineering the SkyTracker's™ on board firmware, secretly replacing SkyTracker™ battery packs, and by impermissibly reactivating 2,185 SkyTracker™ units under a competing service provider, in infringement of NASCorp's proprietary technology, breached the Subscription Agreement entered between the parties.

27. Furthermore, under the Subscription Agreement, defendant was required to immediately report any disclosure it or its staff may have made of NASCorp's confidential information. Pursuant to the Subscription Agreement, and because access to SkyTracker™ units themselves, their airwaves, and their transmissions is considered confidential information, defendant breached the Subscription Agreement by failing to disclose that it accessed and shared confidential information with a competing LEO satellite monitoring service in reactivating the previously decommissioned SkyTracker™ units.

28. Plaintiff has been damaged by defendant's breach in an amount in excess of $25,000.

5

WHEREFORE, plaintiff North American Satellite Corporation prays for judgment in its favor in an amount in excess of $25,000 for its past economic damages, pre and post judgment interest, for its costs incurred herein, and for such other and further relief as the Court deems just and proper.

## COUNT II
### Fraud

29. Plaintiff incorporates herein by reference all preceding paragraphs and allegations.

30. As set forth in detail above and specifically incorporated herein by reference, defendant made false and blatant misrepresentations to plaintiff, and intentionally withheld and remained silent about material information in its communications with plaintiff.

31. These false representations and this material information withheld included the representation made by defendant that it would not violate the terms of the Subscription Agreement and attendant Business Rules, nor would it infringe upon plaintiff's proprietary SkyTracker™ technology or reverse engineer SkyTracker™ technology in order to circumvent plaintiff in acquiring real-time monitoring services of its propane and other gas storage tanks. At no time did defendant inform plaintiff that it had reverse engineered SkyTracker™ technology, and was using the SkyTracker™ system without plaintiff's knowledge to monitor its propane and other gas storage tanks.

32. These false representations and this material information withheld further included the representation made by defendant that the 2,185 ESN's originally associated with defendant's propane and other gas storage tanks were deactivated and no longer in use. At no time did defendant inform plaintiff that it had in fact reactivated all 2,185 SkyTrackers™, and was impermissibly using them in violation of the Subscription Agreement.

33. Each and every one of these representations by defendant regarding the Subscription Agreement, Business Rules, their terms, and that it would not infringe upon plaintiff's proprietary technology or reverse engineer plaintiff's SkyTracker™ system, were false.

Electronically Filed - St Charles Circuit Div - March 15, 2016 - 02:34 PM

34. Even though defendant knew that these representations were false at the time they were made, and that the information supplied by defendant was incomplete and lacking material, adverse information, defendant intended for plaintiff to rely upon the representations and the incomplete information in entering the Subscription Agreement and continuing to provide monitoring services to defendant, despite defendant's breach.

35. The representations and incomplete information provided by defendant were material to plaintiff's decision to enter into and continue the Subscription Agreement as between the parties.

36. Plaintiff did not know, nor could it discover, that defendant's statements and intentions regarding the agreement were false and incomplete when the Subscription Agreement was entered into and continued.

37. Plaintiff justifiably relied upon defendant's misrepresentations and incomplete information.

38. Defendant's actions were done in a willful, deliberate, wanton, and malicious manner and without regard to the truth or falsity of its statements and actions.

39. As a result of defendant's actions, plaintiff has suffered damages in an amount in excess of $25,000.

WHEREFORE, plaintiff North American Satellite Corporation prays for judgment in its favor in an amount in excess of $25,000 for its past economic damages, pre and post judgment interest, for its costs incurred herein, and for such other and further relief as the Court deems just and proper.

## COUNT III
### Unjust Enrichment

40. Plaintiff incorporates herein by reference all preceding paragraphs and allegations.

41. Plaintiff conferred a benefit upon defendant by continuing to provide and pay the costs of satellite monitoring services to defendant during the time period where defendant had already cancelled its SkyTracker$^{TM}$ subscription.

42.     In reverse-engineering and impermissibly using plaintiff's proprietary SkyTracker™ technology, defendant had an appreciation or knowledge of the benefit conferred upon it by plaintiff; namely, that plaintiff was providing services that defendant was not paying for.

43.     Defendant, in in reverse-engineering and impermissibly using plaintiff's proprietary SkyTracker™ technology, accepted and retained the benefits conferred upon it by plaintiff.

44.     It would be inequitable and unjust for defendant to retain the benefits conferred upon it by plaintiff without requiring defendant, in turn, to pay for the monitoring services it was stealing from plaintiff.

WHEREFORE, plaintiff North American Satellite Corporation prays for judgment in its favor in an amount in excess of $25,000 for its past economic damages, pre and post judgment interest, for its costs incurred herein, and for such other and further relief as the Court deems just and proper.

## COUNT IV
### Quantum Meruit

45.     Plaintiff incorporates herein by reference all preceding paragraphs and allegations.

46.     Plaintiff conferred a benefit upon defendant by continuing to provide satellite monitoring services to defendant during the time period where defendant had already cancelled its SkyTracker™ subscription.

47.     In reverse-engineering and impermissibly using plaintiff's proprietary SkyTracker™ technology, defendant had an appreciation or knowledge of the benefit conferred upon it by plaintiff; namely, that plaintiff was providing services that defendant was not paying for.

48.     Defendant, in in reverse-engineering and impermissibly using plaintiff's proprietary SkyTracker™ technology, accepted and retained the benefits conferred upon it by plaintiff.

49.     It would be inequitable for defendant to retain the benefits conferred upon it by plaintiff without requiring defendant, in turn, to pay for the reasonable value of the monitoring services it was stealing from plaintiff.

Electronically Filed - St Charles Circuit Div - March 15, 2016 - 02:34 PM

WHEREFORE, plaintiff North American Satellite Corporation prays for judgment in its favor in an amount in excess of $25,000 for its past economic damages, pre and post judgment interest, for its costs incurred herein, and for such other and further relief as the Court deems just and proper.

**COUNT V**
**Conversion**

50. Plaintiff incorporates herein by reference all preceding paragraphs and allegations.

51. The 2,185 STx2 modems and all other equipment, hardware, software and other necessary components of the SkyTracker™ system were provided by plaintiff to defendant pursuant to the Subscription Agreement between the parties, with the expectation and agreement that they would be used to provide defendant with real-time satellite monitoring services.

52. Under the Subscription Agreement and its attendant Business Rules, plaintiff NASCorp owned all the hardware, software, equipment, and other necessary components, as well as the airways and transmissions sent and received by the SkyTracker™ system. Each SkyTracker™ was also marked with explicit language, further informing defendant that they remain "Property of North American Satellite Corporation."

53. Defendant Pacific Propane took possession of the 2,185 SkyTracker™ systems plaintiff provided pursuant to the Subscription Agreement, with the intent to exercise control over them in violation of the Subscription Agreement and its attendant Business Rules.

54. Defendant was not authorized to reverse engineer SkyTracker™ firmware, replace ST-unit battery packs, or reactivate the 2,185 ST-units under a competing account in infringement upon NASCorp's proprietary SkyTracker™ system, the Subscription Agreement, or its attendant Business Rules.

55. Defendant impermissibly reverse engineered SkyTracker™ firmware, replaced ST-unit battery packs, and reactivated the 2,185 ST-units to the exclusion of plaintiff's rights, and thereby deprived plaintiff of the right to possession of its property. In doing so, defendant assumed or

9

exercised the right of ownership over 2,185 SkyTracker™ systems, including their STx2 modems, all other hardware and software, all necessary components, and their airways and transmissions, all of which belong to plaintiff.

WHEREFORE, plaintiff North American Satellite Corporation prays for judgment in its favor in an amount in excess of $25,000 for its past economic damages, pre and post judgment interest, for its costs incurred herein, and for such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

A trial by jury on all issues triable by jury is hereby demanded.

*Respectfully submitted,*

**PROTZMAN LAW FIRM, LLC**

*By*: /s/ Andrew B. Protzman
Andrew B. Protzman, MO No. 47086
Christopher M. Sorenson, MO No. 68412
1100 Main Street; Suite 2550
Kansas City, Missouri 64105
P: (816) 421-5100 | F: (816) 421-5105
andy@protzmanlaw.com
chris@protzmanlaw.com

**Attorneys for Plaintiff**



# IN THE 11TH JUDICIAL CIRCUIT COURT, ST. CHARLES COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>RICHARD KEVIN ZERR | Case Number: 1611-CC00246 |
| Plaintiff/Petitioner:<br>INSITE PLATFORM PARTNERS INC<br>DBA:  NORTH AMERICAN SATELLITE CORP<br>                                                                vs. | Plaintiff's/Petitioner's Attorney/Address<br>ANDREW BENTLEY PROTZMAN<br>CROWN CENTER<br>2400 PERSHING ROAD SUITE 500<br>KANSAS CITY, MO  64108 |
| Defendant/Respondent:<br>PACIFIC LPG CORPORATION<br>DBA:  PACIFIC PROPANE | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 |
| Nature of Suit:<br>CC Breach of Contract | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:**  PACIFIC LPG CORPORATION
                                        Alias:
                                        DBA:   PACIFIC PROPANE

**SERVE: PAULA A HEATH**
**11520 COMMERCIAL PKWY**
**CASTROVILLE, CA  95012**

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____3/16/2016_____         _____/S/  Judy Zerr_____
                        Date                                                                       Clerk

*ST. CHARLES COUNTY*   Further Information:

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by:  (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____(title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
    Printed Name of Sheriff or Server                                                           Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
                    Subscribed and sworn to before me on _____ (date).
*(Seal)*
                    My commission expires: _____         _____
                                                                    Date                                                            Notary Public

**Sheriff's Fees**
Summons                                 $_____
Non Est                                   $_____
Sheriff's Deputy Salary
Supplemental Surcharge    $_____10.00_____
Mileage                                  $_____  (_____ miles @ $._____ per mile)
**Total                                     $_____**
A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - St Charles Circuit Div - March 28, 2016 - 01:42 PM

IN THE ELEVENTH JUDICIAL CIRCUIT COURT OF ST. CHARLES COUNTY

| | |
|---|---|
| INSITE PLATFORM PARTNERS, INC. )<br>d/b/a NORTH AMERICAN SATELLITE )<br>CORP. )<br>　　　　　　　　　　　　　　　　　　　)<br>　　　　Plaintiff, 　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　)<br>v. 　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　)<br>PACIFIC LPG CORPORATION, d/b/a )<br>PACIFIC PROPANE 　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　)<br>　　　　Defendant. 　　　　　　　　　　)  | Case No. 1611-CC00246<br><br>Judge Richard Kevin Zerr |

### REQUEST FOR APPOINTMENT OF SPECIAL PROCESS SERVER

COMES NOW plaintiff InSite Platform Partners, Inc. d/b/a North American Satellite Corp. ("NASCorp"), by and through counsel of record, and pursuant to Local Court Rule 4.2.1 and at its own risk, requests the appointment of: Laurie Urquidi of As Quick as a Wink Process Server, 199 17th St. #C, Pacific Grove, CA 93950, telephone: 831-333-0766, a person of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

Plaintiff also requests to this court that any fees paid to a special process server be awarded in any judgment entered in the action pursuant to R.S.Mo. § 506.140. 2.

**SERVE:**

Paula A. Heath
11520 Commercial Pkwy.
Castroville, CA 95012


**Appointed as requested:**

**Judy Zerr, Circuit Clerk**


By _____          Date _____
　　　　Deputy Clerk

IN THE ELEVENTH JUDICIAL CIRCUIT COURT OF ST. CHARLES COUNTY

| | |
|---|---|
| INSITE PLATFORM PARTNERS, INC. )<br>d/b/a NORTH AMERICAN SATELLITE )<br>CORP. )<br>           )<br>    Plaintiff, )<br>           )<br>v.          )<br>           )<br>PACIFIC LPG CORPORATION, d/b/a )<br>PACIFIC PROPANE )<br>           )<br>    Defendant. ) | Case No. 1611-CC00246<br><br>Judge Richard Kevin Zerr |

### REQUEST FOR APPOINTMENT OF SPECIAL PROCESS SERVER

COMES NOW plaintiff InSite Platform Partners, Inc. d/b/a North American Satellite Corp. ("NASCorp"), by and through counsel of record, and pursuant to Local Court Rule 4.2.1 and at its own risk, requests the appointment of: Laurie Urquidi of As Quick as a Wink Process Server, 199 17th St. #C, Pacific Grove, CA 93950, telephone: 831-333-0766, a person of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

Plaintiff also requests to this court that any fees paid to a special process server be awarded in any judgment entered in the action pursuant to R.S.Mo. § 506.140. 2.

**SERVE:**

Paula A. Heath
11520 Commercial Pkwy.
Castroville, CA 95012

**Appointed as requested:**
**Judy Zerr, Circuit Clerk**

By _____
        Deputy Clerk

ALL RISKS TO PLAINTIFF
SO APPOINTED:
DATE: ____MAR 2 8 2016____

by _____
        JUDY ZERR, CIRCUIT CLERK

Date _____



# IN THE 11TH JUDICIAL CIRCUIT COURT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division: RICHARD KEVIN ZERR | Case Number: 1611-CC00246 |
|---|---|
| Plaintiff/Petitioner: INSITE PLATFORM PARTNERS INC DBA: NORTH AMERICAN SATELLITE CORP vs. | Plaintiff's/Petitioner's Attorney/Address ANDREW BENTLEY PROTZMAN CROWN CENTER 2400 PERSHING ROAD SUITE 500 KANSAS CITY, MO 64108 |
| Defendant/Respondent: PACIFIC LPG CORPORATION DBA: PACIFIC PROPANE | Court Address: 300 N 2nd STREET SAINT CHARLES, MO 63301 |
| Nature of Suit: CC Breach of Contract | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: PACIFIC LPG CORPORATION
Alias:
DBA: PACIFIC PROPANE

SERVE: PAULA A HEATH
11520 COMMERCIAL PKWY
CASTROVILLE, CA 95012

COURT SEAL OF
ST. CHARLES COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____3/16/2016_____                      _____/S/ Judy Zerr_____
         Date                                        Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
Paula A. Heath (name) Agent for Service (title).
☐ other
Served at 11520 Commercial Pkwy, Castroville, CA 95012 (address)
in Monterey, CA (County/City of St. Louis), MO, on 03/30/2016 (date) at 1:40 pm (time).
Laurie Urquidi
Printed Name of Sheriff or Server

Signature of Sheriff or Server  04/01/2016

MICHAEL J. MENDENHALL
COMM. # 1972129
NOTARY PUBLIC - CALIFORNIA
MONTEREY COUNTY
MY COMM. EXP. APR. 12, 2016

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on April 1, 2016 (date).
My commission expires: April 12, 2016
                        Date              Michael J Mendenhall / Notary Public

### Sheriff's Fees
Summons               $
Non Est               $
Sheriff's Deputy Salary
Supplemental Surcharge $  10.00
Mileage               $_____ (_____ miles @ $_____ per mile)
Total                 $

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

A (7-08) SM30 (SMCC) *For Court Use Only:* Document Id # 16-SMCC-467     1 of 1     Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



# IN THE 11TH JUDICIAL CIRCUIT COURT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division: RICHARD KEVIN ZERR | Case Number: 1611-CC00246 |
|---|---|
| Plaintiff/Petitioner: INSITE PLATFORM PARTNERS INC DBA: NORTH AMERICAN SATELLITE CORP | Plaintiff's/Petitioner's Attorney/Address ANDREW BENTLEY PROTZMAN CROWN CENTER 2400 PERSHING ROAD SUITE 500 KANSAS CITY, MO 64108 |
| vs. | |
| Defendant/Respondent: PACIFIC LPG CORPORATION DBA: PACIFIC PROPANE | Court Address: 300 N 2nd STREET SAINT CHARLES, MO 63301 |
| Nature of Suit: CC Breach of Contract | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: PACIFIC LPG CORPORATION
Alias:
DBA: PACIFIC PROPANE

SERVE: PAULA A HEATH
11520 COMMERCIAL PKWY
CASTROVILLE, CA 95012

COURT SEAL OF ST. CHARLES COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____3/16/2016_____    _____/S/ Judy Zerr_____
Date                                                     Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
__Paula A. Heath__ (name) __Agent for Service__ (title).
☐ other _____
Served at __11520 Commercial Pkwy, Castroville, CA 95012__ (address)
in __Monterey, CA__ (County/City of St. Louis), MO, on __03/30/2016__ (date) at __1:40 pm__ (time).
__Laurie Urquidi__
Printed Name of Sheriff or Server

Signature of Sheriff or Server    04/01/2016

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on __April 1, 2016__ (date).
My commission expires: __April 12, 2016__
Date                                        Michael J. Mendenhall / Notary Public

MICHAEL J. MENDENHALL
COMM. # 1972129
NOTARY PUBLIC-CALIFORNIA
MONTEREY COUNTY
MY COMM. EXP. APR. 12, 2016

| Sheriff's Fees | |
|---|---|
| Summons | $ |
| Non Est | $ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| Total | $ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

A (7-08) SM30 (SMCC) *For Court Use Only:* Document Id # 16-SMCC-467     1 of 1     Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo