IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| INSITE PLATFORM PARTNERS, INC., ) <br> d/b/a NORTH AMERICAN SATELLITE CORP., ) <br> ) <br> Plaintiff, ) <br> ) Case No.: 4:16-CV-00586 <br> v. ) <br> ) <br> PACIFIC LPG CORPORATION, ) <br> d/b/a PACIFIC PROPANE, ) <br> ) <br> Defendant. ) | |

### DEFENDANT PACIFIC LPG CORPORATION d/b/a PACIFIC PROPANE'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

COMES NOW, Defendant, Pacific LPG Corporation d/b/a Pacific Propane, by and through its counsel, HeplerBroom LLC, and for its Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), states:

1.   On March 15, 2016, Plaintiff Insite Platform Partners, Inc. purportedly d/b/a North American Satellite Corp. filed its Petition for Damages against Defendant Pacific LPG Corporation, d/b/a Pacific Propane in the Missouri Circuit Court for the Eleventh Judicial Circuit, St. Charles County, in the civil action styled *Insite Platform Partners v. Pacific LPG Corporation*, Case No. 1611-CC00246. Pacific Propane was served with a copy of the summons and a copy of the petition on March 30, 2016 at 11520 Commercial Parkway in Castroville, California. *See* Declaration of Paula Heath, *attached hereto as* Exhibit A at ¶ 13.

2.   As explained in Pacific Propane's Notice of Removal, North American Satellite Corporation ("NASCorp") is not a Missouri corporation, a foreign corporation authorized to do business in Missouri, or a doing-business-as affiliation that is properly registered in Missouri. Rather, North American Satellite Corporation ("NASCorp") is an active, for-profit Tennessee

corporation with its principal place of business in Davidson County, Tennessee. (ECF No. 1 at ¶¶ 15-16).

3. Pacific Propane timely removed the action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 on April 26, 2016. (ECF No. 1).

4. According to its Petition for Damages, Insite Platform is seeking damages for asserted causes of action for: Breach of Contract (Count I); Fraud (Count II); Unjust Enrichment (Count III); Quantum Meruit (Count IV); and Conversion (Count V). (ECF No. 6).

5. The claims against Pacific Propane, which is a California corporation with its principal place of business in Castroville, California, must be dismissed because exercising personal jurisdiction over it in this case is inconsistent with not only the Missouri long-arm statute but also the Due Process Clause of the United States Constitution.

6. In her Declaration, Paula Heath, the President of Pacific LPG Corporation d/b/a Pacific Propane ("Pacific Propane"), states that Pacific Propane is a California corporation doing business within the state of California. *See* Exhibit A at ¶¶ 3-4. Specifically, Pacific Propane conducts business in the California counties of Monterey, Santa Clara, San Benito, and Santa Cruz. Pacific Propane's principal place of business is located at 11520 Commercial Parkway in Castroville, California. *See* Exhibit A at ¶ 4. None of Pacific Propane's officers reside in or have offices in Missouri. *See* Exhibit A at ¶ 6. Furthermore, Pacific Propane does not own, operate, possess, or lease any real property, offices, or other facilities in Missouri. *See* Exhibit A at ¶ 6. Pacific Propane also does not sell, ship, or distribute any products in Missouri. *See* Exhibit A at ¶ 5. Pacific Propane does not maintain any records in Missouri, and Pacific Propane does not have any address, telephone numbers, or bank accounts in Missouri. *See* Exhibit A at ¶ 7.

7. Pacific Propane only conducted business with North American Satellite Corporation (NASCorp), with an address listed in Goodlettsville, Tennessee. *See* Exhibit A at ¶ 8; *see also* 12/7/07 Merchandise/Service Work-Order (Purchase Option), *attached hereto as* Exhibit B. Pacific Propane did not transact any business with Insite Platform Partners, Inc. *See* Exhibit B at ¶ 8.

8. Additionally, Pacific LPG Corporation d/b/a Pacific Propane did not engage in any activity in Missouri that was related to the alleged transactions described in Insite Platform Partners, Inc. d/b/a North American Satellite Corp.'s Petition for Damages. *See* Exhibit A at ¶ 9. Pacific Propane did not reach out and initiate business within the State of Missouri with respect to any of the alleged transactions, and, in fact, North American Satellite Corporation (NASCorp) solicited a business relationship with Pacific Propane in California, not Missouri. *See* Exhibit A at ¶¶ 10-11. Pacific Propane also did not participate in any face-to-face meetings in Missouri related to the alleged transactions. *See* Exhibit A at ¶ 12.

9. Because a plaintiff has the burden of establishing the existence of personal jurisdiction over an out-of-state defendant once that defendant moves to dismiss under Rule 12(b)(2), the onus is on Plaintiff to demonstrate that personal jurisdiction over a nonresident defendant, like Pacific Propane, complies with (1) the Missouri long-arm statute, and (2) federal constitutional law. *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820-21 (8th Cir. 2014).

10. Missouri's long-arm statute specifically permits a court to exercise jurisdiction against a corporation that does any of the following acts and is sued under a cause of action arising from the performance of the following acts:

   a. The transaction of any business within Missouri;
   b. The making of any contract within Missouri;
   c. The commission of a tortious act within Missouri;

3

      d.   The ownership, use, or possession of any real estate situated in Missouri;[1]

Mo. Rev. Stat. § 506.500.1.

      11.   Paula Heath's Declaration establishes that Missouri's long-arm statute does not permit the court to exercise personal jurisdiction pursuant to Mo. Rev. Stat. § 506.500.1. As set forth in more detail in Pacific Propane's Brief in Support of Its Motion to Dismiss, Missouri's long-arm statute cannot provide a basis for personal jurisdiction over Pacific Propane because it does not transact business in Missouri, has not made a contract in Missouri, and has not committed a tort within Missouri. *Cepia, LLC v. Universal Pictures Visual Programming Ltd.*, No. 4:15 CV 1181 JMB, 2016 WL 1383701 (E.D. Mo. Apr. 7, 2016).

      12.   Moreover, any exercise of personal jurisdiction over Pacific Propane would not comport with federal due process. As there can be no real contention that Pacific Propane is subject to general jurisdiction in Missouri, which requires that a defendant have "continuous and systematic" contacts with the forum state so as "to render [the defendant] essentially at home in the forum state," *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011), it is only necessary to explain why Pacific Propane is not subject to specific jurisdiction in Missouri.

      13.   The Court does not have specific jurisdiction over Pacific Propane because Pacific Propane does not have the sufficient minimum contacts with Missouri to satisfy federal due process. Considering only the contacts that Pacific Propane itself created with Missouri, *see Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014), it is apparent that there are none. The only possible link between Pacific Propane and Missouri is Insite Platform Partners, Inc. But when the only link between the defendant and the forum is the plaintiff, the United Sates Supreme Court has already established that the necessary jurisdictional connection is not satisfied and the case must be

---

[1] There are additional bases for conduct that could give rise to an exercise of personal jurisdiction; however, the omitted prongs cannot possibly be at issue in this litigation. *See* Mo. Rev. Stat. § 506.500.1(5)-(6).

dismissed for a lack of jurisdiction. *See id.*; *see also Burger King,* 471 U.S. 462, 475 (1985). Because Pacific Propane has no affiliation with the State of Missouri other than the purported relationship between it and Insite Platform Partners, Inc., due process requires that its motion to dismiss be granted.

14.     Accordingly, neither Missouri's long-arm statute nor the United States Constitution provides a basis to support this Court's exercise of personal jurisdiction over Pacific LPG Corporation d/b/a Pacific Propane. Its motion to dismiss must be granted.

**WHEREFORE**, Defendant Pacific LPG Corporation d/b/a Pacific Propane, requests that this Court grant its Motion to Dismiss for Lack of Personal Jurisdiction, and for such other and further relief as is just under the circumstances.

Dated: May 3, 2016

Respectfully submitted,

HEPLERBROOM LLC

By:     */s/Thomas J. Magee*
Thomas J. Magee No. 32871MO
Michael E. Harriss No. 67200MO
211 N Broadway, Suite 2700
St. Louis, MO 63102
314-241-6160
314-241-6116 Fax
tm1@heplerbroom.com
meh@heplerbroom.com
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 3, 2016 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing(s) to the following: **Andrew B. Protzman** and **Christopher M. Sorenson**, Protzman Law Firm, LLC, *Attorneys for Plaintiff*.

*/s/Thomas J. Magee*