IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| INSITE PLATFORM PARTNERS, INC., ) <br> d/b/a NORTH AMERICAN SATELLITE CORP., ) <br> ) <br> Plaintiff, ) <br> ) Case No.: 4:16-CV-00586 <br> v. ) <br> ) <br> PACIFIC LPG CORPORATION, ) <br> d/b/a PACIFIC PROPANE, ) <br> ) <br> Defendant. ) | |

### DEFENDANT PACIFIC LPG CORPORATION d/b/a PACIFIC PROPANE'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

COMES NOW, Defendant, Pacific LPG Corporation d/b/a Pacific Propane, by and through its counsel, HeplerBroom LLC, and for its Brief in Support of Its Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), states:

**INTRODUCTION**

There is no basis for exercising personal jurisdiction over nonresident Defendant, Pacific Propane, under Missouri's long-arm statute or the Constitution of the United States, and therefore, Plaintiff's claims that have been brought against it must be dismissed. Because Pacific Propane has no contacts with Missouri, neither specific nor general jurisdiction applies, and any exercise of personal jurisdiction over Pacific Propane would offend traditional notions of fair play and substantial justice. As this Court's exercise of personal jurisdiction over Pacific Propane is unsupported by Missouri's long-arm statute and inconsistent with federal due process, Defendant Pacific LPG Corporation d/b/a Pacific Propane's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) must be granted.

## FACTUAL SUMMARY[1]

Insite Platform is seeking damages for asserted causes of action for: Breach of Contract (Count I); Fraud (Count II); Unjust Enrichment (Count III); Quantum Meruit (Count IV); and Conversion (Count V). (ECF No. 6).

Insite Platform alleges that Pacific Propane "executed a Merchandise/Service Work Order and its attendant Business Rules" on April 24, 2007, which it refers to as the "Subscription Agreement." (ECF No. 6 at ¶ 9). Under this Subscription Agreement, and subsequent agreements Insite Platform alleges that the "parties" intermittently entered into between 2007 and 2012, "NASCorp agreed to provide Pacific Propane with the hardware, software, and monitoring services necessary for [a number of] SkyTracker™ systems." (ECF No. 6 at ¶¶ 9-13). The various claims asserted by Insite Platform purportedly arise out of these subscription agreements and Pacific Propane's alleged use of the SkyTracker™ systems and equipment. Under the "SkyTracker™ system," Insite Platform alleged that it, or NASCorp, also contracts with third parties to provide "LEO satellite services" as part of its propane-monitoring system. (ECF No. 6 at ¶ 7).

In her Declaration, Paula Health, the President of Pacific LPG Corporation d/b/a Pacific Propane ("Pacific Propane"), states that Pacific Propane is a California corporation doing business within the state of California. *See* Paula Heath Declaration, *attached to Defendant's Motion to Dismiss as* Exhibit A, ¶¶ 3-4. Specifically, Pacific Propane conducts business in the California counties of Monterey, Santa Clara, San Benito, and Santa Cruz. Pacific Propane's principal place of business is located at 11520 Commercial Parkway in Castroville, California. *See* Exhibit A at ¶ 4. None of Pacific Propane's officers reside in or have offices in Missouri. *See* Exhibit A at ¶ 6.

---

[1] Pacific Propane does not accept, as true, the factual allegations of the Petition. The allegations of the Petition are cited only for reference and only for purposes of this Motion to Dismiss.

Furthermore, Pacific Propane does not own, operate, possess, or lease any real property, offices, or other facilities in Missouri. *See* Exhibit A at ¶ 6. Pacific Propane also does not sell, ship, or distribute any products in Missouri. *See* Exhibit A at ¶ 5. Pacific Propane does not maintain any records in Missouri, and Pacific Propane does not have any address, telephone numbers, or bank accounts in Missouri. *See* Exhibit A at ¶ 7. Additionally, Pacific Propane only conducted business with North American Satellite Corporation (NASCorp), with an address listed in Goodlettsville, Tennessee. *See* Exhibit A at ¶ 8. Pacific Propane did not transact any business with Insite Platform Partners, Inc. Exhibit A at ¶ 8.

Pacific LPG Corporation d/b/a Pacific Propane did not engage in any activity in Missouri that was related to the alleged transactions described in Insite Platform Partners, Inc. d/b/a North American Satellite Corp.'s Petition for Damages. *See* Exhibit A at ¶ 9. Pacific Propane did not reach out and initiate business within the State of Missouri with respect to any of the alleged transactions, and, in fact, North American Satellite Corporation (NASCorp) solicited a business relationship with Pacific Propane in California, not Missouri. *See* Exhibit A at ¶¶ 10-11. Also, Pacific Propane did not participate in any face-to-face meetings in Missouri related to the alleged transactions. *See* Exhibit A at ¶ 12.

Pacific Propane was served with a copy of the summons and a copy of the petition on March 30, 2016 at 11520 Commercial Parkway in Castroville, California.

### STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(2), a defendant is entitled to file a motion seeking to dismiss the claims brought against it when the court in which the claims have been brought lacks personal jurisdiction over the defendant. Once a defendant moves to dismiss pursuant to Rule 12(b)(2), a plaintiff has the burden of establishing the existence of personal

jurisdiction over the out-of-state defendant; the burden of proof does not shift to the party challenging jurisdiction. *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014). Because a plaintiff has the burden of establishing the existence of personal jurisdiction over an out-of-state defendant once the defendant moves to dismiss under Rule 12(b)(2), the onus is on a plaintiff to demonstrate that the exercise of personal jurisdiction complies with (1) the Missouri long-arm statute, and (2) federal constitutional law. *Id.* at 820-21 (outlining the requirements of both the state long-arm statute and federal due process requirements).

A plaintiff must provide sufficient evidence to establish at least a *prima facie* case of personal jurisdiction. *Id.* Where, as in the present case, the court must rule on a jurisdictional challenge on the basis of written materials and prior to an evidentiary hearing, the court may receive and consult affidavits and declarations in making its determination as to whether the plaintiff has made a *prima facie* case for personal jurisdiction to avoid dismissal. *Id.* at 820 (recognizing that a "plaintiff's prima facie showing must be tested, not by the pleadings alone, but by affidavits and exhibits supporting or opposing the motion").

**ARGUMENT**

**A.  There Is No Basis for Personal Jurisdiction under Missouri's Long-Arm Statute.**

Missouri's long-arm statute cannot provide a basis for personal jurisdiction over Pacific Propane because it does not transact business in Missouri, has not made a contract in Missouri, and has not committed a tort within Missouri. *See* V*iasystems, Inc. v. EBM–Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 593 (8th Cir. 2011) (citing Mo. Rev. Stat. § 506.500.1). A federal court sitting in diversity must rely on the law of personal jurisdiction that governs the courts of general jurisdiction in the state where the court is sitting. *Id.* Because this Court is sitting in Missouri and further, because this action is a diversity case, the court will have personal

4

jurisdiction over a nonresident defendant like Pacific Propane only if a Missouri court would have personal jurisdiction under Missouri's long-arm statute. *Id.*

Missouri's long-arm statute specifically permits a court to exercise jurisdiction against a corporation that does any of the following acts and is sued under a cause of action arising from the performance of these acts:

1.  The transaction of any business within Missouri;
2.  The making of any contract within Missouri;
3.  The commission of a tortious act within Missouri;
4.  The ownership, use, or possession of any real estate situated in Missouri;[2]

Mo. Rev. Stat. § 506.500.1.

In her declaration, Paula Health, the President of Pacific LPG Corporation d/b/a Pacific Propane ("Pacific Propane"), states that Pacific Propane is a California corporation doing business within the state of California. Specifically, Pacific Propane conducts business in the California counties of Monterey, Santa Clara, San Benito, and Santa Cruz. Pacific Propane's principal place of business is located at 11520 Commercial Parkway in Castroville, California. None of Pacific Propane's officers reside in or have offices in Missouri. Furthermore, Pacific propane does not own, operate, possess, or lease any real property, offices, or other facilities in Missouri. Pacific Propane also does not sell, ship, or distribute any products in Missouri. Pacific Propane does not maintain any records in Missouri, and Pacific Propane does not have any address, telephone numbers, or bank accounts in Missouri. Additionally, Pacific Propane only conducted business with North American Satellite Corporation (NASCorp), with an address listed in Goodlettsville, Tennessee. Pacific Propane did not transact any business with Insite Platform Partners, Inc.

---

[2] There are additional bases for conduct that could give rise to an exercise of personal jurisdiction; however, the omitted prongs cannot possibly be at issue in this litigation. *See* Mo. Rev. Stat. § 506.500.1(5)-(6).

Additionally, Pacific Propane did not engage in any activity in Missouri that was related to the alleged transactions described in the Petition, and Pacific Propane did not reach out and initiate business within the State of Missouri with respect to any of the alleged transactions. *See* Exhibit A at ¶¶ 9-10. In fact, North American Satellite Corporation (NASCorp) solicited a business relationship with Pacific LPG Corporation d/b/a Pacific Propane in California, not Missouri. *See* Exhibit A at ¶ 11. Pacific LPG Corporation d/b/a Pacific Propane did not participate in any face-to-face meetings in Missouri related to the alleged transactions either. *See* Exhibit A at ¶ 12.

To that point, any agreements allegedly entered into by Pacific Propane and the Plaintiff were entered into between Pacific Propane and North American Satellite Corporation (NASCorp), not Pacific Propane and Insite Platform Partners, Inc. This is demonstrated by the purported agreements themselves, which Plaintiff placed at issue in its pleadings. In Paragraph 10 of its Petition, for example, Plaintiff claims that "the parties" entered into various "Subscription Agreement[s]." (ECF No. 6, ¶ 10). While Defendant denies any and all allegations related to any purported agreement between the parties, and specifically reserves the right to issue such a denial prior to its deadline for issuing an answer to Plaintiff's Petition, the only "Agreement" dated December 7, 2007 appears to be a Merchandise/Service Work-Order (Purchase Option) with North American Satellite Corporation ("NASCorp"). *See* 12/7/07 Merchandise/Service Work-Order (Purchase Option), *attached to Defendant's Motion to Dismiss as* Exhibit B. That order was prepared on North American Satellite Corporation (NASCorp) letterhead, identifying the relevant address as P.O. Box 1778 in Goodlettsville, Tennessee. *See* Exhibit B. This confirms what Paula Heath stated in her Declaration: Pacific Propane only conducted business with North American Satellite Corporation (NASCorp). *See* Exhibit A at ¶ 8.

As explained in Pacific Propane's Notice of Removal, North American Satellite Corporation ("NASCorp") is not a Missouri corporation, a foreign corporation authorized to do business in Missouri, or a doing-business-as affiliation that is properly registered in Missouri. Rather, North American Satellite Corporation ("NASCorp") is an active, for-profit Tennessee corporation with its principal place of business in Davidson County, Tennessee. (ECF No. 1 at ¶¶ 15-16). Therefore, at all times Pacific Propane engaged in any business activities with NASCorp, it was transacting business with a Tennessee corporation.

For Pacific Propane to have transacted business within Missouri under the long-arm statute, Pacific propane must have conducted "some activity, directly or indirectly related to the transaction in question" in Missouri; and, that activity must then give rise to the cause of action asserted in this case. *Cepia, LLC v. Universal Pictures Visual Programming Ltd.*, No. 4:15 CV 1181 JMB, 2016 WL 1383701, at *6 (E.D. Mo. Apr. 7, 2016) (citing *Scullin Steel Co. v. Nat'l Ry. Utilization Corp.*, 676 F.2d 309, 312 (8th Cir. 1982)). This case is analogous to *Cepia*, where the court dismissed the case for lack of personal jurisdiction when the defendant "did not transact any business in Missouri within the meaning of the long-arm statue." In that contract-dispute case, the court explained its decision by noting that (1) the defendant "did not reach out and initiate business within the State of Missouri," (2) the defendant did not have "offices, property, personnel, or any agents in Missouri," (3) the plaintiff "solicited the business relationship" with defendant outside of Missouri, and (4) no "face-to-face meetings occurred in Missouri." *Id.* at *6-7.

Likewise, there is nothing to suggest that Pacific Propane initiated business within the State of Missouri; instead, any business relationship—which was initiated by NASCorp reaching out to Pacific Propane in California—only contemplated the States of California and Tennessee. For that reason, just as in *Cepia*, no face-to-face meetings between Pacific Propane and NASCorp occurred

in Missouri. And, Pacific Propane has no offices, property, personnel, or agents in Missouri. Accordingly, there are no activities of Pacific Propane that can be used to satisfy the statutory requirement of "transacting any business" within Missouri to justify the exercise of personal jurisdiction over it. *See id.*; *Scullin Steel Co. v. Nat'l Ry. Utilization Corp.*, 676 F.2d 309, 312 (8th Cir. 1982) (holding that a similar lack of activity within Missouri could not justify the exercise of personal jurisdiction over a nonresident corporate defendant).

To the extent Plaintiff contends that the Court may exercise personal jurisdiction over Pacific Propane on the making of a contract in Missouri, such an argument must also be rejected. Under Missouri law, "for purposes of the long-arm statute, a contract is made where acceptance occurs." *Cepia*, 2016 WL 1383701, at *7 (quoting *Strobehn v. Mason*, 397 S.W.3d 487, 498 (Mo. App. W.D. 2013) (internal quotation marks omitted)). As Pacific Propane has no offices, property, personnel, or agents in Missouri, and there were no face-to-face meetings that took place in Missouri, there is no basis to suggest that any contract was made in Missouri. If any contract acceptance occurred, it would have necessarily taken place at Pacific Propane's principal place of business in California. Therefore, the contract section of the Missouri long-arm state cannot serve as a basis for the exercise of personal jurisdiction over Pacific Propane. *See id.*

Finally, any attempt to justify the exercise of personal jurisdiction over Pacific Propane on the alleged commission of a tortious act within Missouri must similarly be dismissed. In its Petition, Plaintiff alleges that Pacific Propane committed tortious acts of fraud and conversion. (ECF No. 6, pp. 6-7, 9-10). Missouri courts have interpreted the tortious-acts prong to cover tortious acts committed outside of Missouri so long as the act "produces actionable consequences" in Missouri. *Velez v. Portfolio Recovery Associates, Inc.*, 881 F. Supp. 2d 1075, 1082 (E.D. Mo. 2012) (citing cases); *Cepia*, 2016 WL 1383701, at *7. As recently explained by the court in *Cepia*:

> In some cases, Missouri courts have held that "the defendant must have set in motion some course of action which was deliberately designed to move into Missouri and injure the plaintiff." *Capitol Indem. Corp. v. Citizens Nat. Bank*, 8 S.W.3d 893, 903 (Mo.App.W.D.2000) (citation omitted). Other cases have not required that the consequences be intentionally directed at Missouri. *See Noble*, 316 S.W.3d at 371 (citing cases). It appears that, under Missouri law, the less stringent standard applies in negligence matters and **the more stringent/deliberate design standard applies with respect to intentional torts**. *See id. See also Myers v. Casino Queen, Inc.*, 689 F.3d 904, 911 (8th Cir.2012) (applying a foreseeability standard to tortious acts occurring in another state with actionable consequences in Missouri).

*Cepia*, 2016 WL 1383701, at *7. Both conversion and fraud are intentional torts under Missouri law, and therefore, the more stringent/deliberate design standard applies. *See id.* (applying the more stringent standard when the tort claim against the nonresident defendant was conversion); *see also Capitol Indem. Corp. v. Citizens Nat. Bank of Fort Scott, N.A.*, 8 S.W.3d 893, 903 (Mo. App. W.D. 2000) (same).

Under this more stringent standard, it is clear that Pacific Propane has not sufficiently set in motion some course of action which was <u>deliberately designed</u> to move into Missouri and injure the plaintiff. *See id.* (finding the more stringent standard was not satisfied when the alleged tortious conduct occurred in Brazil and France, not Missouri). As outlined in Paula Heath's Declaration, Pacific Propane, at all relevant times, believed it was dealing with NASCorp, which was, and is, a Tennessee corporation. Because it did not know it was dealing with any Missouri corporation—and never, in fact, transacted business with a Missouri corporation—Pacific Propane could not have intentionally engaged in any tortious activity with an intent to cause harm to Plaintiff in Missouri. Moreover, there is no averment that any of the alleged actions that Plaintiff claims constitute conversion occurred within Missouri. (ECF No. 6, ¶¶ 53-55). The same is true for Plaintiff's fraud claim against Pacific Propane, which alleges actions taken by Pacific Propane that necessarily would have occurred in California. (ECF No. 6, ¶¶ 30-38). To the extent those alleged actions had any actionable consequences, those actionable consequences would have been felt in

9

Tennessee, not Missouri, as Pacific Propane was dealing with North American Satellite Corporation, which is a Tennessee corporation.

Accordingly, there is no basis for exercising personal jurisdiction pursuant to any prong of the statutory authority provided to Missouri courts under Mo. Rev. Stat. § 506.500.1, and therefore, Defendant's Motion to Dismiss must be granted.

### B. Exercising Personal Jurisdiction over Pacific Propane Violates Federal Due Process.

It has already been established that Missouri's long-arm statute does not provide statutory authority for exercising personal jurisdiction over Pacific Propane, but even if the long-arm statute provided such a basis, exercising personal jurisdiction over Pacific Propane under the present circumstances would constitute a clear violation of Pacific Propane's due process rights.

Even if a plaintiff satisfies the forum's long-arm statute, a federal court may exercise diversity jurisdiction over a nonresident defendant only if the defendant has sufficient minimum contacts with the forum that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Cepia, LLC v. Universal Pictures Visual Programming Ltd.*, No. 4:15 CV 1181 JMB, 2016 WL 1383701, at *8 (E.D. Mo. Apr. 7, 2016) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Although personal jurisdiction can be specific or general, there can be no real contention that Pacific Propane is subject to general jurisdiction in Missouri, which requires that a defendant have "continuous and systematic" contacts with the forum State so as "to render [the defendant] essentially at home in the forum state." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011). As a result, it is only necessary to explain why Pacific Propane is not subject to specific jurisdiction in Missouri.

"Specific jurisdiction is proper 'only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state, meaning that the defendant purposely directed its

activities at the forum state and the claim arose out of or relates to those activities.'" *Steinbuch v. Cutler*, 518 F.3d 580, 586 (8th Cir. 2008). Specific jurisdiction requires "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). Purposeful availment is necessary to ensure a nonresident is not haled into a jurisdiction as the result of a random, fortuitous, or attenuated contact. *Burger King,* 471 U.S. 462, 475 (1985). If a nonresident has not purposefully availed itself of conducting activities in the forum state, this requirement to personal jurisdiction is not satisfied, and the nonresident is not subject to personal jurisdiction in the forum state.

The United States Supreme Court has recently reiterated that for a court to exercise specific jurisdiction consistent with due process, the relationship between the nonresident defendant and the court "must arise out of contacts that the defendant *himself* creates with the forum State." *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014) (internal quotation marks and citations omitted; emphasis in original). For this reason, the Supreme Court has "consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State." *Id.* (citing cases). Similarly, "the plaintiff cannot be the only link between the defendant and the forum" because "it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id.* (citing *Burger King,* 471 U.S. at 478, 105 S. Ct. 2174 ("If the question is whether an individual's contract with an out-of-state party *alone* can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot")).

11

Here, Plaintiff's only argument for exercising personal jurisdiction over Pacific Propane necessarily conflicts with the clear due process principles outlined by the United States Supreme Court. It is anticipated that Plaintiff will attempt to argue that Pacific Propane has sufficient minimum contacts with the State of Missouri because it transacts business within the State of Missouri. That argument fails, however, because Pacific Propane does not conduct or transact business within Missouri, *see* Exhibit A at ¶¶ 4-7. But more importantly, that argument could only be predicated upon Plaintiff's allegations that Pacific Propane contracted within the State of Missouri. Setting aside the fact that Pacific Propane did not contract in Missouri, the Supreme Court has already held that a contract with an out-of-state party is insufficient to establish sufficient minimum contacts to satisfy federal due process. *See Burger King*, 471 U.S. at 478; *see also Walden*, 134 S. Ct. at 1122-23 (re-affirming the same).

In short, the only link between Pacific Propane and the State of Missouri is Plaintiff—Insite Platform Partners, Inc., specifically. The Declaration of Paula Heath establishes that there is nothing tied to Pacific Propane's conduct, however, that can form the all-important and necessary connection with the court to allow it to exercise personal jurisdiction over Pacific Propane. Exercising personal jurisdiction over Pacific Propane under the present circumstances would contradict the well-established principles of due process that require that a defendant only be haled into court in a forum state based upon its own affiliation with the state. Because Pacific Propane has no affiliation with the State of Missouri other than the purported relationship between it and Insite Platform Partners, Inc., due process requires that its Motion to Dismiss be granted. *See Cepia, LLC v. Universal Pictures Visual Programming Ltd.*, No. 4:15 CV 1181 JMB, 2016 WL 1383701, at *8 (E.D. Mo. Apr. 7, 2016) (finding insufficient minimum contacts when, *inter alia*, all of the allegedly wrongful conduct regarding both contract and tort claims, occurred outside of

Missouri); *see also Walden*, 123 S. Ct. at 1124 (finding insufficient minimum contacts "when viewed through the proper lens—whether the *defendant's* actions connect him to the *forum*—[the nonresident defendant] formed no jurisdictionally relevant contacts" with the forum State, and rejecting an argument that was based upon the nonresident defendant's knowledge of plaintiff's strong forum connections (internal quotation marks omitted)).

Accordingly, considering the facts and circumstances of the present lawsuit, any exercise of personal jurisdiction over Pacific Propane would not comport with the constitutional requirements of due process. *See Cepia*, 2016 WL 1383701, at *13. As the above analysis establishes, the nature, quality, and quantity of Pacific Propane's contacts with Missouri are far from substantial. Any argument that Plaintiff felt the consequences of the alleged breach in Missouri, or was "first injured" in the State of Missouri, is not determinative in such a personal-jurisdiction analysis. A simple attempt to suggest a contract between Plaintiff and Pacific Propane establishes personal jurisdiction over Pacific Propane must also be rejected for a number of reasons explained above. Finally, for the same reasons that Plaintiff's tort claims against Pacific Propane could not serve as a proper basis to exercise personal jurisdiction over Pacific Propane under Missouri's long-arm statute, those claims cannot establish the sufficient minimum contacts. This is because Plaintiff cannot show that Pacific Propane's extraterritorial tortious acts were uniquely or expressly aimed at the forum state. *See Cepia*, 2016 WL 1383701, at *13-14 (citation omitted). Thus, exercising personal jurisdiction over Pacific Propane would violate long-standing principles of due process, and must be rejected.

## CONCLUSION

There is no basis for exercising personal jurisdiction over nonresident Defendant, Pacific Propane, under Missouri's long-arm statute or the Constitution of the United States, and therefore,

Plaintiff's claims that have been brought against it must be dismissed. Because Pacific Propane has no contacts with Missouri, neither specific nor general jurisdiction applies, and any exercise of personal jurisdiction over Pacific Propane would offend traditional notions of fair play and substantial justice. As this Court's exercise of personal jurisdiction over Pacific Propane is unsupported by Missouri's long-arm statute and inconsistent with federal due process, Defendant Pacific LPG Corporation d/b/a Pacific Propane's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) must be granted.

Dated: May 3, 2016

Respectfully submitted,

HEPLERBROOM LLC

By:   */s/Thomas J. Magee*
Thomas J. Magee No. 32871MO
Michael E. Harriss No. 67200MO
211 N Broadway, Suite 2700
St. Louis, MO 63102
314-241-6160
314-241-6116 Fax
tm1@heplerbroom.com
meh@heplerbroom.com
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 3, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing(s) to the following: **Andrew B. Protzman** and **Christopher M. Sorenson**, Protzman Law Firm, LLC, *Attorneys for Plaintiff*.

*/s/Thomas J. Magee*