UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| INSITE PLATFORM PARTNERS, INC., d/b/a NORTH AMERICAN SATELLITE CORP., | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:16-CV-00586 JAR ) |
| PACIFIC LPG CORPORATION, d/b/a PACIFIC PROPANE, | ) ) ) |
| Defendant. | ) ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment (Doc. No. 52) and Defendant's Motion for Summary Judgment (Doc. No. 55). The motions are fully briefed and oral argument was held on July 20, 2018. As discussed below, the Court finds Plaintiff lacks standing. Accordingly, the Court denies both motions for summary judgment and dismisses the case for lack of subject matter jurisdiction.

**Background**

On March 15, 2016, Plaintiff InSite Platform Partners, Inc., d/b/a North American Satellite Corp. ("InSite"), filed suit against Defendant Pacific LPG Corporation, d/b/a Pacific Propane ("Pacific"), in state court seeking damages for breach of contract (Count I); fraud (Count II); unjust enrichment (Count III); quantum meruit (Count IV); and conversion (Count V).[1] Pacific removed the action to this Court on April 26, 2016, on the basis of diversity jurisdiction.

---

[1] InsSite has conceded – both in its briefing and at oral argument – that Counts II (fraud), III (unjust enrichment), and IV (quantum meruit) are subject to dismissal.

InSite alleges that Pacific executed a Merchandise/ServiceWork Order and its attendant Business Rules on April 24, 2007, which it refers to as the "Subscription Agreement." InSite further alleges that under this and subsequent agreements dating from 2007 to 2012, North American Satellite Corp. ("NASCorp") agreed to provide Pacific with the hardware, software, and monitoring services necessary for Pacific to implement and use a number of its SkyTracker units.[2] The claims asserted by InSite purportedly arise out of these subscription agreements and Pacific's use of the SkyTracker systems and equipment following its cancellation of monitoring services.

The parties have filed cross-motions for summary judgment. As a threshold matter, Pacific argues that InSite lacks standing to assert any claims against it because it is not the real party in interest to enforce a contract between NASCorp and Pacific.

**Legal standard**

A moving party is entitled to summary judgment on a claim only if there is a showing that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). However, the Court must first find it has jurisdiction to grant relief requested by the parties. If a plaintiff lacks standing to sue, the district court has no subject-matter jurisdiction. ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters, 645 F.3d 954, 958 (8th Cir. 2011) (citing Faibisch v. Univ. of Minn., 304 F.3d 797, 801 (8th Cir. 2002)); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

---

[2] The SkyTracker system provides real-time monitoring of propane and other gas tank storage levels via satellite.

Standing under Article III "requires federal courts to satisfy themselves that the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal court jurisdiction." Anderson v. Aramark Mgmt. Servs. Ltd. P'ship, No. 4:16-CV-1700 (CEJ), 2017 WL 1477147, at *2 (E.D. Mo. Apr. 24, 2017) (internal quotation marks and citations omitted). To satisfy the requirements of standing, a plaintiff must show (1) it has suffered an injury in fact, (2) that is fairly traceable to the challenged action of the defendant, and (3) that it is likely to be redressed by a favorable decision. Id. (citing Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180–81 (2000) (citing Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992)).

"When the defendant challenges standing at the summary judgment stage, the plaintiff must submit affidavits or other evidence that demonstrate through specific facts that he has suffered an injury in fact." Woods v. Caremark, LLC, No. 15-CV-00535, 2016 WL 6908108, at *2 (W.D. Mo. July 28, 2016) (citing Lujan, 504 U.S. at 561). "The plaintiff must establish that there exists no genuine issue of material fact as to justiciability or the merits." Id. (citation and internal quotations omitted).

**Discussion**

Generally, an individual must be a party to a contract or a third party beneficiary in order to have standing to enforce the agreement. Torres v. Simpatico, Inc., 781 F.3d 963, 971 (8th Cir. 2015). Pacific argues InSite lacks standing to bring this action because there is no evidence to establish that (a) InSite is a party to any agreement; (b) InSite is a third-party beneficiary of any agreement; or (c) that InSite has assumed any rights and obligations under the agreement at issue.

InSite does not contend that it has third-party standing. Nor does InSite dispute that all contracts at issue were between Pacific and NASCorp, a separate corporate entity. InSite asserts instead there was a "de facto" merger between InSite and NASCorp, and that in 2015, pursuant to a restructuring plan, all of the assets and ongoing business interests of NASCorp, including all contractual rights and obligations, were transferred by Senior Secured Note Holders into InSite Platform Partners. (Declaration of R.L. ("Rick") Humphrey (Humphrey Decl.), Doc. No. 64-1 at ¶¶ 3-14; Doc. Nos. 64-8, -9, -10) None of these assertions, however, were pled; there are no allegations in the complaint referring to an assignment nor has InSite submitted any documents evidencing an assignment.

Alternatively, InSite seeks leave to amend its complaint to add NASCorp as a real party in interest. (Doc. No. 64 at 32-36) While InSite's request – made two years into this litigation and after dispositive motions have been fully briefed – is clearly untimely, it is difficult to see any prejudice to Pacific since it has been on notice of NASCorp's involvement from the inception of this case. That said, Insite has also been aware of NASCorp's role. Indeed, the initial complaint was brought by "Insite Platform Partners d/b/a North American Satellite Corporation." The Court also notes that Pacific filed a motion to dismiss for lack of personal jurisdiction in May 2016, arguing that it had only transacted business with NASCorp, an active, for-profit Tennessee corporation, and not with Insite. While the issue before the Court at that time involved a different analysis, the fact remains that Insite was on notice since May 2016 that its standing to bring this action was a potential issue, yet took no action to amend its complaint.

Moreover, InSite's proposed first amended complaint, attached to its suggestions in opposition to Pacific's motion (Doc. No. 64-11), does not sufficiently address the issues before the Court. The initial complaint references a "Subscription Agreement," yet in their briefing and

at oral argument, the parties disputed the operative agreements at issue. InSite refers to a contract for 2,000 SkyTracker units dated May 31, 2007, a contract for an additional 200 units dated August 13, 2007, and a July 3, 2012 reactivation proposal. Pacific refers to a Blanket Merchandise/Service Work-Order (Purchase Option) from May 31, 2007 and a Blanket Merchandise/Service Work-Order (Purchase Option) from August 13, 2007. As a result, it is entirely unclear to the Court which contract or contracts Pacific is alleged to have breached. The proposed amended complaint fails to identify the contract(s) at issue. For these reasons, the Court will deny InSite's request to amend its complaint.

**Conclusion**

InSite lacks standing to sue for damages for breach of contract because it was not the real party in interest to enforce a contract between NASCorp and Pacific. Thus, the Court does not have subject matter jurisdiction of the issues presented and must dismiss the complaint. See Martin v. Consumer Adjustment Company, Inc., No. 16-01180-CV-W-ODS, 2017 WL 6570210 (W.D. Mo. Dec. 22, 2017) (denying cross-motions for summary judgment and dismissing case for plaintiff's lack of standing).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Partial Summary Judgment [52] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [55] is **DENIED.**

**IT IS FINALLY ORDERED** that this matter is **DISMISSED** due to Plaintiff's lack of standing.

A separate order of dismissal will accompany this Memorandum and Order.

Dated this 23rd day of August, 2018.

                                                */s/ John A. Ross*
                                                **JOHN A. ROSS**
                                                **UNITED STATES DISTRICT JUDGE**